In the Matter of JESSE L. CASMINSKI, JR., an Attorney, Respondent.

First Department, December 1, 1939.

*Einar Chrystie,* for the petitioner.

No appearance for the respondent.

PER CURIAM. In January, 1936, the respondent falsely represented to Mr. and Mrs. Arthur Booker that he had been retained to settle the estate of Reuben Goodrich, deceased. He further represented that he was unable to advance the necessary expenditures and offered to give Mr. and Mrs. Booker one-third of his fee if they would advance such expenses. Relying upon these representations, Mr. and Mrs. Booker gave him ninety-five dollars. This amount he converted to his own use.

The respondent thereafter testified falsely before the petitioner's committee on grievances, in attempted explanation of his conduct, that, although he was not the attorney of record in the aforesaid matter, he had been requested by the attorney of record to assist him as counsel. He further falsely testified that upon the promise of the latter to give him a part of his fees he had turned over to him the ninety-five dollars received from Mr. and Mrs. Booker. The respondent admitted the falsity of this testimony after he had unsuccessfully attempted to secure the aid of the attorney employed in the Goodrich estate matter to substantiate it.

On or about March 16, 1936, the respondent induced Mrs. Booker to give him the sum of twenty dollars by falsely representing to her that by reason of his political influence he could procure her appointment as a patrolwoman in the police department of the city of New York.

In April, 1936, Mrs. Booker retained the respondent to prosecute an action in slander against one Waverly Jones and paid him six

dollars for a filing fee. Thereafter the respondent obtained from her twenty-seven dollars for filing note of issue. He thereafter represented to Mrs. Booker that the note of issue had been filed and the case was on the calendar of the Supreme Court of Westchester county and would be reached shortly for trial. The aforesaid representations were wholly false and he converted to his own use the moneys received.

Mr. and Mrs. Booker retained another attorney, who succeeded in obtaining from the respondent two promissory notes of $100 each and one for forty-three dollars, representing in the aggregate the aforesaid moneys and the additional sum of ninety-six dollars, a balance due upon a personal loan to the respondent made prior to the above-mentioned transactions. The first of these notes was paid at maturity. After unsuccessful efforts to collect the second, an action was commenced against the respondent. He interposed therein an answer containing a general denial. Thereafter a summary judgment was obtained against him on default. Said judgment was paid. The third note for forty-three dollars was not paid at maturity and an action was commenced thereon, in which judgment by default was entered.

Notwithstanding the respondent appears to have repaid all but thirty-five dollars and fifty cents of the moneys obtained by him as aforesaid, his conduct in the premises has been such as to demonstrate his unfitness to continue as a member of an honorable profession. He should be disbarred.

Present — MARTIN, P. J., TOWNLEY, UNTERMYER, COHN and CALLAHAN, JJ.

Respondent disbarred.